## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DANIEL E. KIRBY,**

     **Plaintiff,**

**vs.**                                                                **Case No.  4:13cv616-RH/CAS**

**OFFICER D. DELAVEGA,**
**LIEUTENANT ENFINGER,**

     **Defendants.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed a third amended complaint, doc. 23, on September 8, 2014.  Plaintiff is currently housed at Gulf Correctional Institution and it appears that all Defendants named in this version of the complaint are located at Santa Rosa Correctional Institution.  While Plaintiff listed Michael D. Crews on the first page of the complaint, he is not listed in Section II of the complaint form and there are no factual allegations against Secretary Crews.  All events about which Plaintiff complains took place while Plaintiff was incarcerated at Santa Rosa Correctional Institution in November of 2011.  Doc. 23.

"The concept of venue relates to the place where judicial authority may be exercised." Edwards v. Auto Showcase Motorcars of Palm Beach, LLC, No. 09-80932-CIV, 2010 WL 1524289, at *3 (S.D. Fla. 2010) (granting unopposed motion to dismiss). Pursuant to § 1391, a civil action may be brought in:

> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Here, Defendants are located in Milton, Florida, and the events giving rise to Plaintiff's claims occurred there.  Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  This case should be transferred to the Pensacola Division for all further proceedings.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **TRANSFERRED** pursuant to 28 U.S.C. § 1404 to the United States District Court for the Northern District of Florida, Pensacola Division for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2014.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.